UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD MCINTYRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1641** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "G"(1)** |

## ORDER

Presently pending before the Court is Defendant Housing Authority of New Orleans' ("HANO") "Motion to Exclude or Limit the Testimony of John Muggivan."[1] Having reviewed the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion and exclude the testimony of John Muggivan.

## I. Background

### A.     Factual Background

On July 16, 2014, Ronald McIntyre filed a complaint in this matter against HANO, alleging that, while employed by HANO from August 2010 to February 2014, he was "subjected to constant and repeated harassment, threats of termination, sexual harassment, sexual discrimination, racial discrimination and retaliation for complaining and reporting" certain alleged acts of misconduct committed by HANO and the Administrative Receiver at HANO, David Gilmore.[2] McIntyre brought causes of action under Title VII, Section 1983, the Louisiana Employment Discrimination Law, and Article 2315 of the Louisiana Civil Code.[3]

---

[1] Rec. Doc. 98.

[2] Rec. Doc. 1 at p. 2.

[3] *Id.* at pp. 10–11.

On January 5, 2015, the Court issued a scheduling order setting a deadline of June 2, 2015 for written reports of Plaintiff's experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), to be delivered to Defendant's counsel and a deadline of July 2, 2015 for both parties to serve upon their opponents a list of witnesses who will be called at trial.[4] On July 2, 2015, McIntyre filed a "Second Supplemental Witness and Exhibit List" wherein, for the first time, he listed "John Muggivan, treating therapist" as a witness that may be called by McIntyre.[5]

**B.   Procedural Background**

On July 21, 2015, HANO filed the instant motion.[6] On July 25, 2015, McIntyre filed an opposition.[7] On August 4, 2015, HANO filed a reply memorandum in further support of its motion.[8] Trial is scheduled to begin September 21, 2015.[9]

## II. Parties' Arguments

**A.   HANO's Arguments in Support of its Motion to Exclude or Limit the Testimony**

It appears that HANO makes four arguments in support of its motion to exclude or limit Muggivan's testimony: (1) Muggivan has never treated McIntyre and therefore cannot be classified as a "treating physician" under Federal Rule of Civil Procedure 26(a)(2)(B); (2) even if Muggivan were to establish a treating relationship with McIntyre, because McIntyre was referred to Muggivan

---

[4] *Id.* at pp. 2–3.

[5] Rec. Doc. 71. Both parties refer to Muggivan as a therapist but neither party provides any information regarding Muggivan's credentials, background, or experience.

[6] Rec. Doc. 98.

[7] Rec. Doc. 106.

[8] Rec. Doc. 116.

[9] Rec. Doc. 33.

by his attorney, he must be treated as an expert; (3) if Muggivan qualifies as a treating physician, his testimony still should be excluded or limited because he has failed to make the required disclosures under Rule 26(A)(2)(C); and (4) Muggivan was not timely disclosed as an expert nor has he provided an expert report and as such his testimony should be excluded.[10]

HANO argues that Muggivan should not be permitted to testify at trial because he is not a treating therapist and therefore is an expert witness that must comply with the disclosure requirements of Federal Rule of Civil Procedure 26.[11] According to HANO, under Rule 26, a party must "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[12] HANO contends that "Rule 26 categorizes these witnesses for purposes of disclosure requirements into those expert witnesses who are retained or specially employed to give expert testimony and those who are not retained or specially employed but may provide expert testimony."[13]

HANO argues that McIntyre first identified Muggivan as his treating therapist and a potential witness on July 2, 2015.[14] HANO contends, however, that Muggivan was not identified as a treating therapist in McIntyre's initial disclosure or in response to discovery seeking the identity of all health care providers McIntyre has seen or consulted with in the last ten years. Moreover, according to HANO, McIntyre has denied seeking medical treatment for his alleged mental anguish and

---

[10] Rec. Doc. 98-1.

[11] *Id.* at p. 2.

[12] *Id.* at p. 4.

[13] *Id.* (citing FED. R. CIV. P. 26(a)(2)(A), (C); Advisory Comm. Notes 2010).

[14] *Id.* at p. 2.

3

emotional distress.[15] HANO argues that, because there is no treatment relationship between Muggivan and McIntyre, Muggivan should not be permitted to testify as a treating therapist and should instead be treated as an expert witness.[16] HANO additionally argues that even if McIntyre establishes a treating relationship with McIntyre, Muggivan should be considered an expert witness because McIntyre was referred to Muggivan by his attorney because "when an attorney refers a client to a physician, the physician crosses the line from a treating physician into the realm of a specially retained expert whose report must be provided."[17]

HANO additionally argues that if Muggivan is permitted to testify, "his testimony should be limited to information contained in his medical records, which cannot exist."[18] HANO asserts that the 2010 amendments to Federal Rule of Civil Procedure 26 require non-retained expert witnesses who do not provide a written report, which it contends includes treating physicians whose testimony will go beyond personal observations, diagnoses and treatment, to submit a disclosure stating "(i) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 704, and (ii) the facts and opinions on which the witness is expected to testify."[19] HANO argues that the 2010 Advisory Committee Notes have led courts to conclude that "any testimony by a treating physician that is not contained in medical records is more aptly considered expert

---

[15] *Id.* at pp. 2–3.

[16] *Id.* at p. 3 (citing *Lee v. Valdez*, No. 07-1298, 2008 U.S. Dist. LEXIS 70979, at * 13 (N.D. Tex. Sep. 18, 2009); *Rea v. Wis. Coach Lines, Inc.*, No. 12-1252, 2014 U.S. Dist. LEXIS 141875, at *14 (E.D. La. Oc. 3, 2014)).

[17] *Id.* (citing *Tolliver v. U-Haul Co.*, No. 09-313, 2011 U.S. Dist. LEXIS 91845, at *7 (W.D. La. Aug. 17, 2011).

[18] *Id.* at p. 4 (citing *Perdomo v. United States*, No. 11-2374, 2012 U.S. Dist. LEXIS 81017, at *3–4 (E.D. La. June 11, 2012).

[19] *Id.* at p. 5 (citing FED. R. CIV. P. 26(a)(2)(C); *Rea*, 2014 U.S. Dist. LEXIS 141875, at *7).

testimony, and subject to disclosure under section (a)(2)(C)."[20] Therefore, HANO contends that even if Muggivan falls within the treating physician exception, if McIntyre intends to have Muggivan testify on the issues of "causation, permanency, and future effect," Muggivan must still meet the requirements of Rule 26(a)(2)(C).[21] However, because McIntyre has failed to make such a disclosure, HANO argues that "exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness."[22]

Finally, HANO argues that, because McIntyre failed to identify Muggivan as an expert or to produce a report by the Court's deadline to submit expert reports of June 2, 2015, Muggivan should not be permitted to testify at trial as an expert.[23] HANO contends that the four factors courts consider in evaluating whether to exclude expert testimony weigh in favor of excluding the testimony.[24] HANO contends that these factors are "(1) the explanation for the failure to identify the witness; (2) the potential prejudice in allowing the testimony; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the testimony."[25]

HANO contends that (1) McIntyre has not provided an adequate explanation for his failure to identify Muggivan as an expert witness; (2) allowing McIntyre to produce an expert report after

---

[20] *Id.* at p. 5 (citing *Rea,* 2014 U.S. Dist. LEXIS 141875 at *7).

[21] *Id.*

[22] *Id.* at pp. 5–6 (citing Fed. R. Civ. P. 37(c)(1); *Red Dot Bldgs. v. Jacobs Tech. Inc.*, No. 11-1442, 2012 U.S. Dist. LEXIS 78957, at *8–9 (E.D. La. June 7, 2012)).

[23] *Id.* at pp. 1–2.

[24] *Id.* at p. 6.

[25] *Id.* (citing *Rea*, 2014 U.S. Dist. LEXIS 141875 at *8; *Harmon v. Ga. Gulf Lake Charles*, L.L.C., 476 Fed. App'x 31, 36 (5th Cir. 2012)).

the deadline would be fundamentally unfair and prejudicial to HANO, resulting in delays and HANO's retaining of its own expert; (3) there is not sufficient time to permit two experts to prepare reports and be deposed without a continuance of the trial date; and (4) although Muggivan's testimony may be important to McIntyre's claim, the testimony's importance alone cannot override the enforcement of local rules and scheduling orders.[26] HANO argues that, balancing all of these factors, Muggivan's expert testimony should be excluded.[27]

**B.    McIntyre's Arguments in Opposition**

In opposition, McIntyre argues that, as he testified to in his deposition and stated in discovery, he has not been able to afford treatment since losing his job at HANO.[28] Furthermore, McIntyre argues that "Muggivan will not be hired as an expert, but will be seen for much needed treatment."[29] According to McIntyre, the legislative notes to Rule 26(b) and the rule itself state that "[t]he requirement of a written report in paragraph 2(B), however, applies only to those experts who are retained or specifically employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."[30] McIntyre contends that Muggivan "will not be hired to render an opinion regarding the treatment and condition of another party" but will be hired "for treatment and can produce medical records and

---

[26] Rec. Doc. 98-1 at pp. 7–9.

[27] *Id.* at p. 9.

[28] Rec. Doc. 106 at p. 1.

[29] *Id.*

[30] *Id.* at p. 2.

6

reports re [sic] that treatment" and there is no requirement to provide a report nor does McIntyre have authority or power to have a treating physician issue a report under Rule 26.[31]

McIntyre does not respond to HANO's argument that McIntyre's referral to Muggivan by his attorney renders Muggivan an expert or HANO's argument that, assuming Muggivan can testify as a treating physician, Muggivan should be excluded from testifying because he has not submitted disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Nor does McIntyre specifically address HANO's arguments that the failure to identify Muggivan as an expert or provide an expert report merit striking Muggivan's testimony.

Finally, McIntyre asserts that HANO has not provided any expert reports of its own, and that he has agreed to allow HANO to depose Muggivan after the discovery deadline.[32]

### C.    HANO's Arguments in Further Support of its Motion

HANO argues that Muggivan is not a treating therapist because McIntyre admits that he has yet to see Muggivan for any purported treatment and that "[i]t is axiomatic that a therapist must have actually treated a plaintiff to be considered a treating therapist."[33] HANO reasserts that even if Muggivan is a treating therapist, Federal Rule of Civil Procedure 26(a)(2)(C) "requires McIntyre to disclose the subject matter of Mr. Muggivan's testimony and a summary of the facts and opinions to which Mr. Muggivan is expected to testify."[34] HANO argues that because McIntyre has failed to

---

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 116 at pp. 1–2.

[34] *Id.* at p. 2.

7

comply with this rule, Muggivan should not be permitted to testify.[35]

According to HANO, the evidence shows that Muggivan is being specially retained to provide expert testimony for the following reasons: (1) McIntyre has not been treated by Muggivan in the year and a half since his termination; (2) Muggivan lives in Metairie when McIntyre lives in Washington, D.C.; (3) there are no records of treatment; and (4) Muggivan has testified as an expert in at least four other cases for McIntyre's counsel.[36] HANO argues that the establishment of a relationship with a therapist who has been used repeatedly by McIntyre's attorney as an expert only weeks before the trial "raises the appearance that the therapist has been specially retained to provide testimony" and therefore Muggivan should be treated as an expert.[37]

Finally, HANO asserts that it requested dates to depose Muggivan out of an abundance of caution in the event that he is permitted to testify and that its decision not to retain its own expert was because McIntyre had not identified an expert therapist or provided any expert reports.[38] If, however, McIntyre is permitted to present Muggivan's testimony, HANO states that it will require additional time to retain an expert.[39]

### III. Law and Analysis

**A.  Legal Standard**

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties

---

[35] *Id.*

[36] *Id.* at pp. 2–3.

[37] *Id.* at p. 3 (citing *Tolliver*, 2011 U.S. Dist. LEXIS 91845 at *7).

[38] *Id.* at pp. 3–4.

[39] *Id.*

the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Federal Rule of Civil Procedure 26(a)(2)(B) provides that "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The Advisory Committee Notes accompanying the 1993 amendments explain the interaction of subparts (A) and (B) as follows:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Although not stated specifically, both parties appear to be contesting whether Muggivan falls into what has been termed the "treating physician" exception and has been recognized by other courts in the Eastern District of Louisiana and other district courts within the Fifth Circuit.[40] The "treating physician" exception provides that "written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert."[41]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

---

[40] *See, e.g., Morgan v. Chet Morrison Contractors, Inc.*, 04-2766, 2008 WL 7602163 (E.D. La. July 8, 2008); *Previto v. Ryobi North Am., Inc.*, No. 08-177, 2010 WL 5185055 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp.*, LLC, No. 08-85, 2009 WL 290447 (S.D. Tex. Feb. 5, 2009).

[41] *Gray v. Vastar Offshore, Inc.*, No. 04-1162, 2005 WL 399396, at *1 (E.D. La Feb. 14, 2005) (Vance, J.).

hearing, or at a trial, unless the failure was substantially justified or is harmless."[42] In evaluating whether to exercise its discretion to exclude expert testimony, the Fifth Circuit instructs that courts should consider four factors: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice."[43]

**B.     Analysis**

HANO's "Motion to Exclude or Limit the Testimony of John Muggivan" first requires the Court to determine, as a threshold issue, whether Muggivan falls within the "treating physician" exception to Federal Rule of Civil Procedure 26(a)(2)(B).[44] The Court will then address HANO's argument that McIntyre's failure to comply with the Court's scheduling order and Rule 26 merit striking Muggivan's testimony. The Court will address each argument in turn.

**A.     Treating Physician Exception**

HANO argues that Muggivan should not be permitted to testify at trial because he has never treated McIntyre and, therefore is an expert witness required to comply with Federal Rule of Civil Procedure 26.[45] In support of its argument that Muggivan is not a treating therapist, HANO cites to

---

[42] FED. R. CIV. P. 37(C)(1).

[43] *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).

[44] The parties have not provided the background or credentials of Muggivan, however, both parties refer to him as a therapist. Other courts in the Eastern District of Louisiana, however, have applied this exception beyond physicians. *See La. Med. Mgmt. Corp. v. Bankers Ins. Co.*, No. 06-7248, 2007 WL 2377137, at *1 (E.D. La. Aug. 16, 2007) (Vance, J.) (finding that a company's accountant was akin to a treating physician and therefore the accountant was not required to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B)).

[45] Rec. Doc. 98-1 at pp. 1–2.

two district court cases.[46] In *Lee v. Valdez*,[47] the court held that neither the medical examiner who performed the autopsy nor the supervisory treating physicians of the decedent fell within the "treating physician" exception because none of them had personally treated the decedent.[48] In contrast, in *Rea v. Wisconsin Coach Lines, Inc.*,[49] the defendants moved to exclude or limit the testimony of a doctor on the grounds that the infrequency of the treatments disqualified the doctor as a treating physician.[50] The court found that, although "infrequent treatments may render the opinion unreliable, the Defendants have not shown that the frequency of treatment would not qualify [the doctor] as a treating physician in this case."[51]

In order to qualify as a treating therapist, the proposed witness must be able to base their testimony upon personal knowledge acquired during treatment.[52] However, McIntyre has failed to allege that Muggivan has actually treated him. Despite listing Muggivan as a treating therapist on July 2, 2015 in his "Second Supplemental Witness and Exhibit List,"[53] in McIntyre's deposition testimony given on July 11, 2015, McIntyre testified that he had not yet spoken to Muggivan.[54] In McIntyre's memorandum in opposition, filed on July 25, 2015, McIntyre continues to use the future

---

[46] Rec. Doc. 98-1 at p. 3.

[47] No. 07-1298, 2008 U.S. Dist. LEXIS 70979 (N.D. Tex. Sep. 18, 2009).

[48] *Id.* at *12.

[49] No. 12-1252, 2014 U.S. Dist. LEXIS 141875 (E.D. La. Oct. 3, 2014).

[50] *Id.* at *14.

[51] *Id.*

[52] *See Valdez*, 2008 U.S. Dist. LEXIS 70979 at *12.

[53] Rec. Doc. 71.

[54] Rec. Doc. 98-4 at p. 3.

tense when discussing Muggivan's treatment.[55] In his opposition, McIntyre additionally states that he has not been able to afford treatment and that he is living in Washington, D.C. for the sake of employment.[56] HANO contends that Muggivan is located in Metairie.[57] McIntyre has made no assertion that he has ever even met Muggivan. Despite having ample opportunity to supplement the record in this case to apprise the court of any treatment performed by Muggivan, McIntyre has failed to do so. Accordingly, the Court finds that Muggivan does not fall within the "treating physician" exception.

HANO additionally argues that even if Muggivan establishes a treating relationship with McIntyre, because McIntyre was referred to Muggivan by his attorney, Muggivan should be considered an expert witness.[58] In support, HANO cites *Tolliver v. U-Haul Co.*,[59] where the District Court for the Western District of Louisiana held that because the plaintiff's attorney had referred him to the doctors, they were specially employed to provide expert opinions and expert reports were therefore required pursuant to Rule 26.[60]

HANO asserts that, "[i]f McIntyre begins seeing Mr. Muggivan at this point, it is clearly as a result of this litigation and referral by McIntyre's attorney."[61] HANO contends that Muggivan has

---

[55] Rec. Doc. 106 at p. 1 ("Muggivan will not be hired as an expert, but will be seen for much needed treatment.").

[56] *Id.*

[57] Rec. Doc. 116 at p. 3.

[58] Rec. Doc. 98-1 at p. 3.

[59] No. 09-313, 2011 U.S. Dist. LEXIS 91845 (W.D. La. Aug. 17, 2011).

[60] *Id.*

[61] Rec. Doc. 98-1 at p. 4.

testified as an expert in at least four other cases for McIntyre's counsel.[62] In this case, prior to July of 2015, McIntyre had denied having sought any treatment for his alleged mental anguish and emotional distress.[63] Muggivan was only listed as a potential witness a year after the complaint was filed and two and a half months before trial. There is no evidence that McIntyre sought out Muggavin as a treating therapist outside of this litigation or that McIntyre has been treated by Muggavin at all. Therefore, Muggivan qualifies as an "expert[] who [is] retained or specially employed to provide [] testimony in the case."[64]

Accordingly, because there is no evidence that Muggivan has in fact treated McIntyre and because it is apparent that McIntyre was referred to Muggivan by his attorney, the Court finds that Muggivan does not qualify as a treating physician. Therefore, McIntyre must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and this Court's Order[65] which required disclosure of Plaintiff's expert reports by June 2, 2015.[66]

### B. Exclusion of Muggivan's Testimony

The Court will next consider whether McIntyre's failure to identify Muggivan as an expert or provide an expert report in accordance with the Scheduling Order merits striking Muggivan's

---

[62] Rec. Doc. 116 at p. 3 (citing *Walter v. BP Am. Inc.*, 2014 U.S. Dist. LEXIS 62417 (E.D. La. May, 6, 2014); *Jones v. Jefferson Parish*, 2013 U.S. Dist. LEXIS 163836 (E.D. La. Nov. 18, 2013); *Whetstone v. Jefferson Parish Pub. Sch. Bd.*, 2012 U.S. Dist. LEXIS 41510 (E.D. La. Mar. 27, 2013); *Tan v. Potter*, 2009 U.S. Dist. LEXIS 62185 (E.D. La. July 17, 2009)).

[63] Rec. Doc. 98-4 at pp. 2-3.

[64] FED. R. CIV. P. 26(A)(2)(B).

[65] Rec. Doc. 33.

[66] Because the Court finds that Muggivan does not fall within the treating physician exception to Federal Rule of Civil Procedure 26(a)(2)(B), the Court need not address HANO's argument that Muggivan must meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and submit a disclosure if McIntyre plans on having him testify regarding causation, permanency and future effect.

testimony. HANO argues that, because Muggivan is a retained expert rather than a treating therapist, exclusion of his testimony is proper because McIntyre has failed to timely identify Muggivan as an expert or produce an expert report as required by this Court's order and Federal Rule of Civil Procedure 26(a)(2)(B).[67] Furthermore, HANO argues that a balancing of the four factors that courts consider when determining whether to exclude expert testimony weighs in favor of excluding Muggivan's testimony and any expert report.[68] HANO contends that (1) McIntyre has not provided an adequate explanation for his failure to identify Muggivan as an expert witness; (2) allowing McIntyre to produce an expert report after the deadline would be fundamentally unfair and prejudicial to HANO, resulting in delays and HANO's retaining of its own expert; (3) there is not sufficient time to permit two experts to prepare reports and be deposed without a continuance of the trial date; and (4) although Muggivan's testimony may be important to McIntyre's claim, the testimony's importance alone cannot override the enforcement of local rules and scheduling orders.[69]

In support of its argument that the testimony should be excluded, HANO again cites *Tolliver v. U-Haul Co.*, where the court granted the defendant's motion *in limine* to exclude portions of the plaintiff's doctors' opinions on the grounds that the expert disclosure was untimely.[70] The court in *Tolliver* found that (1) the plaintiff's failure to properly and timely identify the doctors inadvertent but the failure to provide a written report willful; (2) the failure to provide an expert report was prejudicial to the defendant because they were prevented from effectively cross-examining and

---

[67] Rec. Doc. 98-1 at pp. 1–2.

[68] *Id.* at p. 9.

[69] Rec. Doc. 98-1 at pp. 7–9.

[70] 2011 U.S. Dist. LEXIS 91845 at *12.

tailoring their expert reports to the opinions of the plaintiff's experts; (3) it was doubtful that a continuance would cure the prejudice; and (4) although the expert testimony went to the focal point of the case, the importance of the testimony could not singularly override the enforcement of the local rules and scheduling orders.[71]

McIntyre does not specifically address HANO's arguments in favor of exclusion, rather he insists that Muggavin is a treating healthcare provider and therefore there is no requirement to provide a report.[72]

Looking to the first factor, the explanation for the failure to identify the witness, HANO argues that McIntyre was aware of its obligation to provide expert reports by June 2, 2015 and therefore his failure to disclose is willful.[73] McIntyre has consistently asserted that he is financially unable to access treatment.[74] However, McIntyre's insistence that Muggivan is a treating therapist rather than an expert is not compelling in view of the fact that McIntyre still had not met Muggivan by the time the opposition to the instant motion was filed as well. In addition, the proposed treating therapist is located in Metairie when McIntyre resides in Washington, D.C. The scheduling order required McIntyre to provide expert reports by June 2, 2015[75] and McIntyre failed to do so. The Court finds that the explanation for the failure to identify the witness and provide an expert report in accordance with the Court's scheduling order inadequate and therefore this factor weighs

---

[71] *Id.* at 9–12.

[72] Rec. Doc. 106 at p. 2.

[73] Rec. Doc. 98-1 at pp. 7–8.

[74] Rec. Doc. 106 at p. 1.

[75] Rec. Doc. 33.

in favor of exclusion.

As for the second and third factors, the potential prejudice in allowing the testimony and the potential for cure of the prejudice by a continuance, HANO argues that allowing McIntyre to produce an expert report now would likely require McIntyre to be deposed for a third time and result in delays as HANO would then have to retain its own expert.[76] Unlike in *Tolliver,* HANO has not yet retained an expert and therefore any expert it did retain would be able to address any report by Muggivan. However, HANO correctly states that it would likely cause significant delays that would require a continuance of the trial date as trial is set to begin September 21, 2015. As it has not been asserted that Muggivan and McIntyre have ever met, it is unclear at this stage what an expert report by Muggivan would be based upon. HANO additionally asserts that it would then require time to issue its own expert report and depose both experts.[77] The Court finds that these factors weigh in favor of exclusion. Furthermore, allowing for a continuance on these grounds and at this stage would undermine the entire purpose of the Scheduling Order.

Finally, addressing the fourth factor, the importance of the testimony to the claim, HANO admits that this factor "potentially weighs in favor of permitting the testimony," however, HANO argues that this factor cannot override the enforcement of the scheduling order. The Court agrees. Given that there is no evidence that McIntyre and Muggivan have even met, it is not even clear to the Court what testimony Muggivan could provide. Accordingly, the Court finds that these factors all weigh in favor of granting HANO's motion to exclude the testimony of Muggivan.

---

[76] Rec. Doc. 98-1 at p. 8.

[77] *Id.*

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that HANO's "Motion to Exclude or Limit the Testimony of John Muggivan"[78] is **GRANTED** and the testimony of plaintiff's witness John Muggivan is excluded.

**NEW ORLEANS, LOUISIANA**, this 27th day of August, 2015.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[78] Rec. Doc. 98.